SCHOTT, Judge,
dissenting.
Despite the preoccupation of the parties to this case with the question of whether original estimated costs or actual construction costs will form the basis for plaintiff’s fees the dollar difference between the judgment awarded plaintiff in the trial court for $8,900 and the amount plaintiff seeks on appeal, $208,900, is essentially explained in the majority opinion as the correct interpretation of paragraph (2) of the May 24, 1972, letter. Under the parish’s interpretation the parish would get credit for $248,000 while under plaintiff’s interpretation the credit would be for about 17% of this amount.
I dissent from the majority opinion because I do not believe the parties came to a meeting of the minds with respect to the May 24 letter and, therefore, failed to con-fect a contract. When they signed the letter each party thought paragraph (2) had the meaning which each one continues to espouse.
The parish had consistently taken the position that plaintiff’s fees would be based on the original estimate of the cost of the project. When it sent plaintiff the letter of May 24, 1972, it made a major concession to *775 plaintiff in accepting then current cost estimates as the base but subject to the higher credit. Plaintiff never departed from his belief that the lesser credit was being given the parish because to do otherwise would result in its having done the revision for nothing.
Because no contract was made on May 24, 1972, and because the state of the record does not enable me to conclude exactly what was the contract between the parties and how much, if anything, is owed plaintiff, I would remand the case to the trial court for further evidence.
I respectfully dissent.